IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NIARA BURTON, )
)
       Plaintiff, )
)
vs. ) Case No. 1:23-cv-246
)
LOUCUS MALISH CHICK, The Psychology )
Director for the Pennsylvania Department of )
Corrections, *et al.*, )
)
       Defendants. )

## MEMORANDUM ORDER

In this *pro* se civil rights action, Plaintiff Niara Burton, an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), has asserted claims under 42 U.S.C. §1983 against numerous individuals affiliated with the DOC, SCI-Albion and/or SCI-Houtzdale. The matter has been referred to United States Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

On March 5, 2024, after screening the Plaintiff's complaint, Judge Pesto filed a report and recommendation ("R&R") in which he opined that the within civil action should be dismissed as frivolous. Plaintiff, it should be noted, is an individual who identifies as a transgender woman. As described by Judge Pesto, Plaintiff alleges in this lawsuit "that corrections personnel at S.C.I Houtzdale and at S.C.I. Albion, under the supervision of the director of the psychological services department of the Department of Corrections, were (at

Houtzdale) and are (at Albion, where she has been since July 5, 2023)[1] surreptitiously poisoning her food with synthetic male hormones to thwart or reverse her transition to [a] transgender woman, and then covering their tracks by falsely treating her as mentally ill, including by subjecting her to observation." ECF No. 12 at 2. Judge Pesto found that Plaintiff's legal claims were "frivolous" and/or otherwise subject to dismissal under the standards established by the Supreme Court in *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) and *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).

Plaintiff has filed objections to the R&R. *See* ECF No. 13. Therein, Plaintiff indicates her disagreement with the Magistrate Judge's recommendation while mostly reciting abstract legal principles. Nowhere does she explain, in any meaningful fashion, how she believes the Magistrate Judge may have erred in his analysis. After independently reviewing the record, this Court finds no basis for departing from Judge Pesto's recommendation.

Accordingly, upon *de novo* review of the complaint and documents in the case, including the Magistrate Judge's Report and Recommendation and Plaintiff's objections thereto, the following Order is entered:

NOW, this 28th day of July, 2025, IT IS ORDERED that the within civil action shall be, and hereby is, DISMISSED as frivolous, pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. §1915A. Further, because the deficiencies in the Complaint cannot be cured through further amendment, the DISMISSAL of the Complaint shall be with prejudice and without further leave to amend.

---

[1] Plaintiff has since been transferred from SCI-Albion and is now housed at SCI-Greene in Waynesburg, Pennsylvania.

IT IS FURTHER ORDERED that the Report and Recommendation of U.S. Magistrate Judge Pesto, dated March 5, 2024, ECF No. [12], is adopted as the opinion of this Court. Plaintiff's objections to the Report and Recommendation, ECF No. [13], are OVERRULED.

As there are no further matters pending before this Court in the above civil action, the Clerk is directed to mark this case "CLOSED."

                                                SUSAN PARADISE BAXTER
                                                United States District Judge